# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY W. FULLER, | CASE NO. 1:10-cv-01929 AWI GSA PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT |
| v. | WITHIN THIRTY DAYS |
| A. HEDGPETH, et al., | (ECF  No. 1) |
| Defendants. | |

_____/

### Screening Order

## I.    Screening Requirement

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

///

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Swierkiewicz</u>, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." <u>Neitze v. Williams</u>, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." <u>Bruns v. Nat'l Credit Union Admin.</u>, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.   <u>Plaintiff's Claims</u>

Plaintiff, currently in the custody of the CDCR at High Desert State Prison, brings this civil rights action against the Warden at Kern Valley State Prison, as well as an un-named dentist at the Family Western Dental Clinic in Bakersfield. Plaintiff claims that Defendants were deliberately indifferent to his serious dental needs, in violation of the Eighth Amendment.

On December 21, 2009, while Plaintiff was housed at Kern Valley State Prison, Dr. Hashem referred Plaintiff to an outside specialist in order to have 2 wisdom teeth removed. Plaintiff alleges that, although he was not in pain, he had his wisdom teeth extracted. Plaintiff alleges that as a result of the extraction, he suffered from nerve damage, and continues to suffer numbness in his chin.

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. <u>Long v. County of Los Angeles</u>, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" <u>Hydrick v. Hunter</u>, 500 F.3d 978, 988 (9th Cir. 2007) (quoting <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know

2

1   would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

2   **A.   Eighth Amendment Medical Care Claim**

3   "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate

4   must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096

5   (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)).  The two part

6   test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by

7   demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or

8   the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was

9   deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059

10  (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th

11  Cir. 1997) (en banc) (internal quotations omitted)).   Deliberate indifference is shown by "a

12  purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused

13  by the indifference." Id. (citing McGuckin, 974 F.2d at 1060).  Where a prisoner is alleging a delay

14  in receiving medical treatment, the delay must have led to further harm in order for the prisoner to

15  make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely

16  v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

17  Here, Plaintiff has alleged facts indicating negligence.  Plaintiff has alleged that a routine

18  tooth extraction resulted in nerve damage and permanent numbness in his chin.   Plaintiff's

19  allegations sound in negligence.   Before it can be said that a prisoner's civil rights have been

20  abridged with regard to medical care, however, "the indifference to his medical needs must be

21  substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause

22  of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir.1980) (citing Estelle, 429

23  U.S. at 105-06). See also  Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir.2004).  Plaintiff must

24  allege facts indicating that each of the named defendants knew of and disregarded a serious risk to

25  Plaintiff's health.  A bare allegation that there were complications from the tooth extraction, with

26  nothing more, fails to state a claim for relief.

27  Further, Plaintiff fails to identify the oral surgeon.  Because Plaintiff is proceeding in forma

28  pauperis, the Court must appoint the United States Marshal to serve each defendant with a summons

3

and complaint. Fed. R. Civ. Pro. 4(c)(2). However, the Marshal cannot locate and serve unidentified defendants.

As to Defendant Warden Hedgpeth, liability may be imposed on supervisory defendants under § 1983 only if (1) the supervisor personally participated in the deprivation of constitutional rights or (2) the supervisor knew of the violations and failed to act to prevent them. Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Taylor v. Lst, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff does not allege facts indicating that the Warden Hedgpeth participated in, or knew of and failed to prevent, the alleged wrongs.

**III.   Conclusion and Order**

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983.   The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).   Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88.   Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."   Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.   Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

4

1.    Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2.    The Clerk's Office shall send to Plaintiff a complaint form;

3.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4.    Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5.    If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.


IT IS SO ORDERED.

**Dated:**   **November 18, 2011**            **/s/ Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE